IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHARLES DONALD ROSE,**

        Plaintiff,

        v.                                    No.11-cv-611-SI
                                                    OPINION AND ORDER

**JP MORGAN CHASE BANK, N.A.**

        Defendant.

William M. Parker
Law Offices of William M. Parker
4248 Galewood Street
Lake Oswego, Oregon 97035

        Attorney for plaintiff

Michael J. Farrell
Timothy J. Fransen
Martin Bischoff Templeton Langslet & Hoffman
888 S.W. Fifth Avenue, Suite 900
Portland, Oregon 97204

**SIMON, District Judge:**

        This is an action by Charles Donald Rose ("Plaintiff") against JP Morgan Chase Bank,

N.A. ("Chase"), alleging wrongful foreclosure of Plaintiff's residential property ("the Property").

Opinion and Order, Page 1

Plaintiff alleges that on September 27, 2010, a successor trustee sold the Property to Chase, following what Plaintiff asserts was an improper foreclosure.  In this lawsuit, Plaintiff seeks declaratory and injunctive relief to quiet title and to enjoin Chase from taking any further actions related to the Property, including any further effort to foreclose on the Property.

Chase moves to dismiss the complaint with prejudice on the grounds of claim preclusion (Doc. # 6).  Chase argues that the claims presented in this lawsuit were already resolved against Plaintiff in a separate adversary proceeding brought against Chase by Plaintiff in the United States Bankruptcy Court in connection with Plaintiff's Chapter 7 bankruptcy proceeding. Plaintiff opposes Chase's motion and moves to strike "any and all alleged facts contained in Chase's Memorandum of Law . . . that are not allegations of fact set forth" in Plaintiff's complaint in this matter (Doc. #9).  For the following reasons, Chase's motion to dismiss is granted, and Plaintiff's motion to strike is denied.

## I.  BACKGROUND

On July 17, 2007, Plaintiff borrowed approximately $3.2 million from Washington Mutual Bank, F.A. ("WaMu") to finance the purchase of the Property. Plaintiff signed a promissory note ("the Note"), Compl. ¶¶ 1.3, 3.1, Ex. A, and a corresponding deed of trust ("DOT"), *id.* at ¶ 3.1, Ex. B, to secure Plaintiff's loan. The DOT was recorded on July 25, 2007, and lists WaMu as the beneficiary. *Id.* at ¶ 3.2, Ex. B. In September 2008, the FDIC seized WaMu's assets and sold them to Chase. *Id.* at ¶ 3.11. On June 2, 2009, Chase recorded an "Appointment of Successor Trustee," naming Northwest Trustee Services, Inc. as the successor trustee for purposes of commencing a non-judicial foreclosure against Plaintiff, which began immediately thereafter. *Id.* at ¶¶ 3.22-3.23.

Opinion and Order, Page 2

On June 9, 2009, Plaintiff filed for Chapter 7 bankruptcy protection. *Id.* at ¶3.24. Chase sought and was granted leave from the automatic stay to continue the foreclosure. *Id.* at ¶¶ 3.28-3.30. Chase, through its successor trustee, resumed the foreclosure proceeding, and Chase acquired the Property at the foreclosure sale on September 27, 2010. *Id.* at ¶¶ 3.31-3.32. Chase commenced an eviction proceeding on or about May 3, 2011. *Id.* at ¶ 3.33.

The complaint in this case alleges that the Note and DOT were "acquired by a trust and placed into a pool of other securities, WMALT Series 2007-OA4 Trust." Compl. ¶ 3.3. Consequently, according to Plaintiff, Chase has "never been the real party in interest as a lender or financial institution underwriting a loan while funding same with respect to the subject loan," *id.* at ¶ 3.19, and the securitization of the loan has caused "the rights of various named trustees" to be "superseded by succeeding trustees, whose powers are limited to only those powers set out in the WMALT Series 2007-OA4 Trust." *Id.* at ¶ 3.21.

Plaintiff's first claim for relief in this lawsuit asks the court to "declare the foreclosure wrongful and enjoin defendant from taking any further actions related to" the Property until Chase "complies with rules set forth in ORS Chapter 86, and the provisions of the WMALT Series 2007-OA4 Trust as it relates to recording of assignments." *Id.* at ¶ 4.9. Plaintiff's second claim for relief asks the court to quiet title to the Property "as between JP Morgan Chase and Rose in favor of Rose, based upon the fact that Washington Mutual Bank, and thus JP Morgan Chase, was paid in full by the WMALT Series 2007-OA4 Trust and is presently owed nothing." *Id.* at ¶ 5.4.

Chase has presented evidence that on September 24, 2010, Plaintiff filed an adversary proceeding in the United States Bankruptcy Court for the District of Oregon, Adv. No. 10-

03276-tmb (the "Adversary Proceeding"). Chase asserts that the court may properly take judicial

notice of the Adversary Proceeding file, Decl. of Michael J. Farrell, Ex. A. In his Adversary

Proceeding complaint ("the AP Complaint"), Plaintiff requested that the Bankruptcy Court

"determine the validity of a lien" by Chase on the Property and enjoin the foreclosure sale of the

Property. *Id.* Plaintiff, in his AP Complaint, alleged:

> Rose is aware that many financial institutions have separated, bundled promissory
> notes and/or trust deed [sic], or other certificates representing real property and
> sold those bundled securities to third parties. On information and belief, many of
> these financial institutions who bundled and sold these securities have already
> received compensation for the promissory note, and no longer possess the original
> promissory note or trust deed.

*Id.* at ¶ 3.10. Plaintiff also alleged in his AP Complaint:

> On September 22, 2010, Rose, through his counsel, requested of Northwest, that it
> provide Rose with a copy of the original purported trust deed and promissory note
> or to continue the foreclosure sale in order to provide the original promissory note
> and trust deed. Northwest, through its counsel, refused to either continue the
> foreclosure sale or to provide the original promissory note or trust deed.

*Id.* at ¶ 3.11.

The first claim for relief in Plaintiff's AP Complaint sought to quiet title and was based

on Chase's refusal or inability to provide the original Note and DOT. *Id.* at ¶ 4.3. The second

claim for relief in Plaintiff's AP Complaint sought to enjoin Chase from foreclosing on the

Property, arguing that "[w]ithout proof of the original promissory note and trust deed, Rose is

likely to prevail." *Id.* at ¶ 5.3.

During the course of discovery in the Adversary Proceeding, Plaintiff and his attorney

were allowed to inspect the original Note and DOT, and the parties agreed in the Adversary

Proceeding that: (1) Chase held the original Note and DOT; (2) Chase had not been paid in full

for the amounts owing under the Note and DOT; and (3) Plaintiff had defaulted on the terms of

Opinion and Order, Page 4

the Note and DOT. Joint Statement of Agreed Facts ("JSAF"),  Farrell Decl. Ex. B. After a

hearing on March 4, 2011, Bankruptcy Judge Trish Brown granted Chase's motion for summary

judgment. *See* Farrell Decl. Ex. A, pp. 21-24 (transcript of hearing). The Bankruptcy Court held

that Chase presented sufficient evidence that it possessed the power and right to conduct a non-

judicial foreclosure, and the Bankruptcy Court granted Chase's motion for summary judgment.

*Id.*

## II. STANDARDS

### A.      Motion to Dismiss

As a general rule, a district court may not consider any material beyond the pleadings in

ruling on a motion under Fed. R. Civ. P. 12(b)(6). *Lee v. City of Los Angeles,* 250 F.3d 668, 688-

89 (9th Cir. 2001). When matters outside the pleadings are presented to the court, a motion to

dismiss generally must be converted to a motion for summary judgment under Rule 56, with the

parties being given an opportunity to present all pertinent material. Fed. R. Civ. P. 12(d). There

are, however, two exceptions to this rule. First, a court may consider "material which is properly

submitted as part of the complaint." *Lee,* 250 F.3d at 688. This includes both documents

physically attached to the complaint and those on which the complaint "necessarily relies"

whose authenticity is not contested. *Id.* Second, the court may take judicial notice of "matters of

public record" pursuant to Rule 201(b) of the Federal Rules of Evidence without being required

to convert the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *Lee,*

250 F.3d at 688-89.

### B.      Claim Preclusion

Because the Adversary Proceeding and this action are both federal cases, the court

applies the federal law of claim preclusion. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 322 F.3d 1064, 1078 n. 10 (9th Cir. 2003), *citing Western Systems, Inc. v. Ulloa,* 958 F.2d 864, 871 n. 11 (9th Cir. 1992) ("The res judicata effect of federal court judgments is a matter of federal law.")

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added). An action is barred when an earlier adjudication: (1) involved the same claim as the later action; (2) reached a final judgment on the merits; and (3) involved the same parties or their privies. *Cent. Delta Water Agency v. United States,* 306 F.3d 938, 952 (9th Cir. 2002), *citing Blonder-Tongue Labs. v. Univ. of Ill. Found.,* 402 U.S. 313, 323-24 (1971).

The parties do not dispute that the decision of the Bankruptcy Court granting summary judgment to Chase in Plaintiff's Adversary Proceeding was a final judgment on the merits.  Nor do the parties dispute that the same parties that were present in the Bankruptcy Court's Adversary Proceeding are present in this lawsuit.  Thus, the question for the court on Chase's motion for summary judgment is whether the earlier adjudication (the Adversary Proceeding) involved the same claim or claims as are raised in this lawsuit.

Identity of claims is determined by considering the following factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Mpoyo v. Litton Electro-Optical*

*Systems,* 430 F.3d 985, 987 (9th Cir. 2005). The "central criterion," however, in determining

whether there is an identity of claims between the first and second adjudications is whether the

two suits arise out of the same nucleus of transactional facts. *Id.* at 987, *citing Western Sys., Inc.*

*v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992) ("Whether two events are part of the same transaction

or series depends on whether they are related to the same set of facts and whether they could

conveniently be tried together.")

### III. DISCUSSION

**A.      Plaintiff's Motion to Strike**

      Plaintiff argues that the court cannot take judicial notice of the Adversary Proceeding in

this motion to dismiss because to do so would be to take notice of facts that are "subject to

reasonable dispute." Plaintiff also argues that Chase's motion should be converted into a motion

for summary judgment under Rule 56.  Plaintiff's arguments are unpersuasive.

      Plaintiff does not specifically identify any disputed facts in the Adversary Proceeding

materials for which judicial notice has been requested.  In fact, the summary judgment motion in

the Adversary Proceeding was decided on the basis of stipulated facts.[1] Thus, it is appropriate for

the court to take judicial notice of the record of the Adversary Proceeding pursuant to Rule

201(b). Further, the complaint in this case alleges that: (1) on June 9, 2010, Rose filed for

Chapter 7 bankruptcy protection, Compl. ¶ 3.24; (2) Chase filed for relief from stay in order to

foreclose, *id.* at ¶ 3.28; (3) on July 30, 2010, an order was entered granting Chase relief from

stay, *id.* at ¶ 3.30; (4) on September 7, 2010, the trustee recorded a notice of sale, *id.* at ¶ 3.31;

---

[1] Plaintiff's attorney acknowledged at the Adversary Proceeding hearing that the pretrial
submission had been a joint statement of agreed facts. Farrell Decl. Ex. A, p. 19.

and (5) the trustee sold the Property to Chase on September 27, 2010. *Id.* at ¶ 3.32. Thus, the Bankruptcy Court's files are matters to which the complaint refers or upon which it necessarily relies.

Accordingly, the record of the Adversary Proceeding submitted in support of Chase's motion to dismiss falls within both exceptions to the rule requiring the court to convert a motion to dismiss to a motion for summary judgment before considering material outside the pleadings. Plaintiff's motion to strike (Doc. #9) is denied, and the court declines to convert Chase's motion to dismiss into a motion for summary judgment.

**B.     Chase's Motion to Dismiss**

Plaintiff does not challenge two of the three elements of claim preclusion, identity of parties and a judgment on the merits.[2] The question, therefore, is whether there is an identity of claims sufficient to support claim preclusion. The court concludes that claim preclusion applies.

Plaintiff acknowledges that "procedurally [he] had the legal right to amend his adversary complaint" to include a claim for wrongful foreclosure, but asserts that at the time of the Adversary Proceeding, he was "without sufficient facts" to allege or prove such a claim because he had not yet received an expert witness report from William McCaffrey. Pl. Mem. at 6.[3]

---

[2] Bankruptcy courts have jurisdiction to enter a final order or judgment in all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11. 11 U.S.C. § 157(b)(1). Core proceedings include allowance or disallowance of claims against the estate and determinations of the validity, extent, or priority of liens, and orders approving the sale of property of the estate to persons who have filed claims against the estate. 11 U.S.C. § 157(b)(2)(B), (K), (N). The Adversary Proceeding, which arose under the Bankruptcy Code, meets the definition of a core proceeding.

[3] Without objection from Chase, the court has received and considered the McCaffrey report.

The first factor to be considered in this inquiry for claim preclusion is whether the two suits arise out of the same transactional nucleus of facts. McCaffrey's expert report does not establish different *transactional* facts; those facts are the same here and in the Adversary Proceeding. The McCaffrey report merely recites historical facts and supports a new legal theory under which Plaintiff argues that the foreclosure was wrongful. Had the McCaffrey report been presented in the Adversary Proceeding, the result might (or might not) have been different. That is not a question, however, that needs to be resolved. The fact that the exigencies of litigation prevented Plaintiff from proffering the report at the Adversary Proceeding does not generate different transactional facts.

Claim preclusion bars litigation of "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 131 (1979). *See, e.g., Siegel v. Fed'l Home Loan Mortg. Corp.,* 143 F.3d 525, 529 (9th Cir. 1998) (mortgage holder's right to recover on its proofs of claim in the bankruptcy court could have been attacked on basis of mortgagor's violation of duties under notes and deeds of trust; subsequent action making such an attack barred by claim preclusion); *Robertson v. Isomedix, Inc. (In re Intl. Nutronics),* 28 F.3d 965, 970 (9th Cir. 1994) (bankruptcy court's confirmation of sale precluded trustee in bankruptcy from bringing a subsequent antitrust action based on alleged collusive bidding at the sale).

Further, the other factors to be considered in determining identity of claims also lead to the conclusion that this action is barred by claim preclusion. The relief sought by Plaintiff in the adversary proceeding was to quiet title in his favor and to enjoin any further foreclosure activity by Chase against the Property. The Bankruptcy Court also established Chase's right to foreclose

Opinion and Order, Page 9

on the Property and rejected Plaintiff's request to quiet title. Moreover, Plaintiff seeks in this action essentially to vacate the Bankruptcy Court's final judgment in the Adversary Proceeding that established Chase's right to continue foreclosure activity. The court concludes that the Adversary Proceeding and this case involve the same claims for purposes of claim preclusion analysis. Accordingly, Plaintiff's motion to dismiss (Doc. #6) is granted.

## IV. CONCLUSION

Chase's motion to dismiss the action (Doc. # 6) is GRANTED. Plaintiff's motion to strike (Doc. # 9) is DENIED.

This case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 6th day of December, 2011.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge