IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**CHARLES DONALD ROSE,**

       Plaintiff,

           v.                              No.11-cv-611-SI
                                        OPINION AND ORDER

**JP MORGAN CHASE BANK, N.A.**

       Defendant.

William M. Parker
Law Offices of William M. Parker
4248 Galewood Street
Lake Oswego, Oregon 97035
      Attorney for plaintiff

Michael J. Farrell
Timothy J. Fransen
Martin Bischoff Templeton Langslet & Hoffman
888 S.W. Fifth Avenue, Suite 900
Portland, Oregon 97204
      Attorneys for defendant

**SIMON, District Judge:**

      The matter before the court is Defendant's motion for sanctions against Plaintiff and his

counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. # 20). Defendant

Opinion and Order, Page 1

seeks attorney fees and costs incurred for the entirety of the action.

Plaintiff Charles Rose brought this action for wrongful foreclosure against JP Morgan Chase Bank, N.A. ("Chase"). On December 6, 2011, the court dismissed the action with prejudice on the ground of claim preclusion, holding that the claims asserted in this case were or could have been litigated in the Adversary Proceeding in the United States Bankruptcy Court for the District of Oregon, Adv. No. 10-03276-tmb.  (Doc. # 18).[1] Chase asserts that sanctions are warranted because Plaintiff and his counsel brought this action for the improper purpose of delaying Plaintiff's eviction.

Rule 11 governs only papers provided to the court, *Chambers v. NASCO, Inc.,* 501 U.S. 32, 41 (1991), and imposes a duty to conduct a reasonable inquiry and determine that any such papers are well grounded in fact, legally tenable, and "not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). Rule 11 provides, in pertinent part:

> (a) **Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented. . . .

> (b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

>> (2) the claims, defenses, and other legal contentions are warranted

---

[1] Plaintiff filed a Notice of Appeal from the judgment in this action on January 5, 2012. (Doc. # 26). The filing of a Notice of Appeal does not deprive the district court of jurisdiction over a motion for sanctions. *Willy v. Coastal Corp.,* 503 U.S. 131, 138 (1992).

by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

\* \* \*

(c) **Sanctions.**

(1) ***In General***. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

**(2) *Motion for sanctions*.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11 (b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

\* \* \*

***(4) Nature of a Sanction.*** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

***(5) Limitations on Monetary Sanctions.*** The court must not impose a monetary sanction:

**(A)** against a represented party for violating Rule 11(b)(2) . . .

Chase requests that if the court

agrees that Plaintiff's filing of the present complaint constitutes a violation of Fed. R. Civ. P. 11(b) . . . both Plaintiff and Mr. Parker be sanctioned. As sanctions, Chase requests that Plaintiff and Mr. Parker be jointly and severally

> responsible    for Chase fees and costs, including reasonable
> attorney fees, related to the entirety of the present
> action.

Def. Mem. p. 6. Chase's request for joint and several liability of Plaintiff and his counsel for fees

and costs is foreclosed by Rule 11(c)(5). *See also* commentary to Rule 11:

> Sanctions that involve monetary awards (such as a fine or an award of attorney's
> fees) may not be imposed on a represented party for causing a violation of
> subdivision (b)(2), involving frivolous contentions of law. Monetary
> responsibility for such violations is more properly placed solely on the party's
> attorneys. . . . This restriction does not limit the court's power to impose sanctions
> or remedial orders that may have collateral financial consequences upon a party
> such as dismissal of a claim, preclusion of a defense, or preparation of amended
> pleadings.

Among other grounds, a district court may impose Rule 11 sanctions if a paper is filed

with the court for an improper purpose, or is frivolous. *G.C. and K.B. Investments, Inc. v.*

*Wilson,* 326 F.3d 1096, (9th Cir. 2003), *citing Townsend v. Holman Consulting,* 929 F.2d 1358,

1362 (9th Cir. 1990) (en banc). With regard to complaints, the "improper purpose" inquiry

subsumes the "frivolousness" inquiry. *Townsend,* 929 F.2d at 1362. When the complaint is the

primary focus of Rule 11 proceedings, the district court must conduct a two-prong inquiry to

determine: (1) whether the complaint is legally or factually baseless from an objective

perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before

signing and filing it. *Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005). As shorthand for this

test, the court uses the word "frivolous" to "denote a filing that is *both* baseless *and* made

without a reasonable and competent inquiry." *Holgate,* 425 F.3d at 676 (emphasis in original).

The standard is an objective one. *Id; see also Business Guides, Inc. v. Chromatic*

*Communications Enters., Inc.,* 498 U.S. 533, 549,

Opinion and Order, Page 4

554 (1992) (imposition of sanctions is determined by the reasonableness of inquiry into the law and facts).

Chase asserts that under *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 829 (9th Cir. 1986), *abrogated on other grounds, Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384 (2005), "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." In *Zaldivar,* the court explained that for a claim of harassment to be sustained on the basis of successive filings, "there must exist an identity of parties involved in the successive claim, and a clear indication that the proposition urged in the repeat claim was resolved in the earlier one." 780 F.2d at 834 (concluding that plaintiff's argument not frivolous). In *G.C. and K.B.,* the court upheld an award of Rule 11 sanctions based on the filing of a Rule 60(b) motion for relief of judgment based on two state court orders that the party was enjoined from pursuing in the first place. 326 F.3d at 1108. In *In re Grantham Bros*., 922 F.2d 1438 (9th Cir. 1991), the court upheld sanctions imposed after both the bankruptcy and the district courts had found that the complaint contained an impermissible collateral attack upon a bankruptcy order, from which debtors had failed to seek any review, reconsideration, or stay.

Other cases in the Ninth Circuit have more directly characterized as frivolous complaints that were barred by claim preclusion. In *Buster v. Greisen,* 104 F.3d 1186, 1180-90 (9th Cir. 1997), *abrogation on other grounds recognized in Fossen v. Blue Cross and Blue Shield of Montana, Inc.,* 660 F.3d 1102 (9th Cir. 2011), the court affirmed the imposition of sanctions where the district court had concluded that the action was barred by a prior judgment, in a case involving the same parties and the same transactional nucleus of fact, and the second case sought to relitigate issues that were conclusively resolved in first case. In an unpublished decision,

*Bartholomew v. Pasadena Tournament of Roses Ass'n, Inc.,* 2011 WL 4842534 (9th Cir. 2011,

October 13, 2011) the court upheld Rule 11 sanctions for filing an action barred by res judicata.

Plaintiff argues that this action was not filed to delay an eviction, "but instead to overturn

a wrongful foreclosure." Pl.'s Mem. p. 6.  He contends that he and his counsel "reasonably

believed Rose had not had his 'day in court' in the adversary proceeding and might in this

court," and that Plaintiff's counsel "reasonably believed the law of res judicata was not so crystal

clear that no reasonable attorney would have filed this lawsuit." *Id.* Plaintiff argues that "there

were two res judicata issues that Rose wanted the court to decide: (1) whether or not Rose *could*

have raised the new facts found in McCaffrey's declaration; and (2) because the adversary

proceeding did not deal with the issue of foreclosure, whether or not the two suits involved

infringement of the same right." *Id.* at 6-7. Plaintiff argues that wrongful foreclosure, as it

applies to securitized mortgages and trust deeds, is a new area of law, so that asserting the claim

was reasonable under the circumstances.

Chase counters that Plaintiff's arguments are untenable because: (1) the complaint in this

case was filed a few days after the eviction proceeding was filed against him; and (2) the

complaint filed in this court made no mention of the Adversary Proceeding. Chase argues that

Plaintiff's omission any reference to the bankruptcy proceeding in his complaint contradicts the

argument that Plaintiff sought consideration of claim preclusion issues.

The court concludes that although it ultimately determined the complaint in this case was

barred by claim preclusion, the claim based on wrongful foreclosure was not baseless.

Accordingly, defendant's motion for sanctions (doc. # 20) is DENIED.

Opinion and Order, Page 6

IT IS SO ORDERED.

Dated this 22nd day of February, 2012.

_/s/ Michael H. Simon

Michael H. Simon
United States District Judge